PROB 12C
(06/17)

September 6, 2018
pacts id: 237568

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Mario Cerda (English)        **Dkt No.:** 11CR00609-001-BTM

**Reg. No.:** 23303-298

**Name of Sentencing Judicial Officer:** The Honorable Barry Ted Moskowitz, Chief U.S. District Judge

**Original Offense:** 18 U.S.C. § 371, Conspiracy to Commit Offense, a Class D felony.

**Date of Revocation Sentence:** September 2, 2016

**Sentence:** 9 months' custody; 18 months' supervised release. *(Special Conditions:   Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release        **Date Supervision Commenced:** April 14, 2017

**Asst. U.S. Atty.:** Lawrence A. Casper        **Defense Counsel:**   Aron L. Israelite, Fed. Defs., Inc.
(619) 234-8467

**Prior Violation History:** Yes.  Please refer to prior court correspondence.

---

## PETITIONING THE COURT

### TO ISSUE A NO-BAIL BENCH WARRANT

PROB12(C)
Name of Offender: Mario Cerda
Docket No.: 11CR00609-001-BTM

September 6, 2018
Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)**<br>Not commit another federal, state, or local crime. *(nv1)* | 1. On or about August 12, 2018, Mr. Cerda committed battery against the person of another, in violation of California Penal Code § 243(e)(1), a misdemeanor, as evidenced by his guilty plea in Superior Court of California, County of Imperial Case No. ECM003161. |

***Grounds for Revocation:*** As to allegation 1, I have received and reviewed El Centro Police Department (ECPD), Arrest Report No. 18E-24512, the complaint and subsequent guilty plea filed in Superior Court of California, County of Imperial Case No. ECM003161, which confirm that on the above-mentioned date, ECPD Officer J. Malcomb (Officer Malcomb) responded to a domestic violence call between Mr. Cerda and his girlfriend later identified as Tequila Miller, the victim.  Upon Officer Malcomb meeting and interviewing Ms. Miller, Officer Malcomb observed a large bruise on Ms. Miller's left arm.  Officer Malcomb asked Ms. Miller how she got said bruise to which Ms. Miller stated it was inflicted by Mr. Cerda and that Mr. Cerda "hits her." Ms. Miller further stated that earlier that day, Mr. Cerda slapped her across the face after Mr. Cerda became upset at Ms. Miller for changing the password to access Ms. Miller's cellular phone.  According to Ms. Miller, they began arguing and Mr. Cerda dragged her from the dining room to the bedroom.  At that time, Ms. Miller got into the shower, yet Mr. Cerda continued yelling at her and punched her through the shower curtain, hitting her on her right torso area near her waist.  Shortly thereafter, Mr. Cerda left the bathroom and came back with a knife described by Ms. Miller as having a black handle and being between 8-12 inches in length.  Ms. Miller related that although Mr. Cerda did not press the knife against her throat, he pushed her against the wall of the shower and pointed the knife at her neck.

More so, Ms. Miller added that while holding the knife to her neck, Mr. Cerda ordered Ms. Miller to call her grandmother, Ms. Shirley Mobley whom lives next door and tell her they were not going with her to church.  It was then when Ms. Miller called her grandmother, who upon learning what had happened she called the police to report the incident.  Consequently, Mr. Cerda was arrested and transported to the ECPD station where he was advised of his Miranda rights to which Mr. Cerda voluntarily agreed to answer questions without the presence of an attorney.  Mr. Cerda stated that an argument between him and Ms. Miller ensued after he noticed Ms. Miller changed the passcode to her phone.  Mr. Cerda related he wanted to review Ms. Miller's phone because he suspected Ms. Miller was texting with other men via messaging applications.  When questioned regarding Ms. Miller's bruise and/or the incident in question, Mr. Cerda denied putting a knife to Ms. Miller's throat and/or harming Ms. Miller in any way.  Subsequently, Mr. Cerda was later transported and booked at the Imperial County Jail on the above-mentioned charge.

On August 14, 2018, a complaint was filed in the Imperial County Superior Court and on August 16, 2018, Mr. Cerda pled guilty as alleged herein; thus, he was sentenced to three years' summary probation with conditions of supervision, including that he complete anger management, perform community service work and pay a fine.  Furthermore, a review hearing was scheduled for August 30, 2018 at 9:00 a.m., and Mr. Cerda was ordered to return on said date/time to submit proof of enrollment in anger management and community service work.  Notwithstanding, Mr. Cerda failed to appear for said review hearing and a bench warrant for his arrest was issued and remains outstanding to date.

PROB12(C)
Name of Offender: Mario Cerda                                    September 6, 2018
Docket No.: 11CR00609-001-BTM                                              Page 3

**(Mandatory Condition)**
The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. *(nv3)*

2.  On or about August 3, 2018, Mr. Cerda used a controlled substance, as evidenced by the urine sample he submitted at the U.S. Probation Office, which confirmed positive for amphetamine and methamphetamine.

3.  On July 10, and August 2, 14 and 22, 2018, Mr. Cerda failed to comply with drug testing requirements as instructed by the probation officer, in that he failed to submit urine specimens at Imperial Valley Drug and Rehab Clinic, Inc. (IVDRC), as required.

***Grounds for Revocation:*** As to allegation 2, I have received and reviewed written laboratory confirmation from Alere Toxicology Services, which verify the urine specimen provided by Mr. Cerda on August 3, 2018, confirmed positive for amphetamine and methamphetamine.

As to allegation 3, I have received and reviewed the Chain of Custody for Drug Analysis forms, which confirm that on July 10, and August 2, 14 and 22, 2018, Mr. Cerda failed to submit urine samples, as required. On April 30, 2018, the probation officer reviewed written instructions for drug testing with Mr. Cerda and he acknowledged receipt of the instructions with his signature. Specifically, Mr. Cerda was instructed to call the drug testing line daily and report for testing when required in the automated testing line recording, and submit a urine sample of at least 30 milliliters. It is noted that Mr. Cerda failed to report for drug testing for all the above-mentioned dates, with the exception of August 2, 2018. Mr. Cerda reported to the testing facility on August 2, 2018, yet he failed to submit the required 30 milliliters of urine; thus, it was recorded as a "stall."

**VIOLATION SENTENCING SUMMARY**

**SUPERVISION ADJUSTMENT**

On July 20, 2017, Mr. Cerda commenced his second term of supervision in the Southern District of California. Following his release from federal custody, Mr. Cerda reported for both federal and county supervision, as was on state probation in a prior San Diego County Superior Court domestic violence case at the time. During his term of supervision, Mr. Cerda struggled to enroll and/or complete his anger management counseling and relocated between Imperial and San Diego counties. Following his last relocation to El Centro, California, the undersigned met with Cerda and reviewed his conditions of supervised release with him and encouraged him to comply. Although Mr. Cerda expressed his willingness to comply, remain sober and law abiding, he once again relapsed into illicit drug use, failed to report for drug testing as required and re-offended by committing a violent crime as alleged herein.

**OFFENDER PERSONAL HISTORY/CHARACTERISTICS**

Mr. Cerda is a 28-year-old male, who is single and who last reported living with his girlfriend in El Centro, California. Mr. Cerda reported having children with an estranged ex-girlfriend in San Diego, California and being the father of Ms. Miller's unborn child. Mr. Cerda completed his high school equivalency education, obtaining a GED and last reported being employed as an electrician.

PROB12(C)
Name of Offender: Mario Cerda                                                    September 6, 2018
Docket No.: 11CR00609-001-BTM                                                              Page 4

Regarding his history of substance abuse, despite him successfully completing outpatient Cognitive Behavioral Treatment (CBT) via the McAllister institute, Mr. Cerda's drug addiction appears to be a problem out of his control and which he is not willing to successfully address.

## SENTENCING OPTIONS

## CUSTODY

**Statutory Provisions**: Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: The allegations (Battery, Drug use, and Failure to report for drug testing), constitute Grade C violations. USSG §7B1.1(a)(3)(A)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category III (determined at the time of sentencing) establishes an **imprisonment range of 5 to 11 months**. USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Finally, if supervised release is revoked and a term of imprisonment is imposed, the court shall order that the term of imprisonment be served consecutively to any sentence of imprisonment the offender may be serving. USSG §7B1.3(f), p.s.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can re-impose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to re-impose a term of 27 months of supervised release, less any term of imprisonment imposed upon revocation. The court has previously imposed an aggregate of nine months' custody in this case. 18 U.S.C. § 3583(b).

## JUSTIFICATION FOR BENCH WARRANT

Mr. Cerda poses a risk to himself and the community as he has relapsed into illicit drug use and has re-offended by committing a violent act against the mother of his unborn child; thus the issuance of a bench warrant is deemed justified at this time.

## RECOMMENDATION/JUSTIFICATION

Evidently, Mr. Cerda failed to take advantage of the valuable opportunity presented to him by the Court in his last sentencing hearing. Apparently, his last federal custody sentence was not enough to deter Mr. Cerda from reverting to his violent tendencies. Mr. Cerda's illicit drug use as well as his poor decision making, continue to be significant factors in his failure to succeed on supervision and remain law-abiding. Although Mr. Cerda might argue the origin of his failure on supervision is due to his current life stressors as well as his problematic relationships; unless he seriously commits to his sobriety and addresses/curtails his violent behavior, he will be unable to successfully overcome his drug problem and live a law-abiding lifestyle.

Mr. Cerda must now realize and understand he will be held accountable for his failure to comply with supervision and breech of the Court's trust. Given Mr. Cerda's repeated disregard for supervised release and again committing a violent crime, Mr. Cerda has proven to be unamenable to supervision; thus, a significant term of imprisonment with no additional term of supervision seems to be a reasonable alternative in addressing the noncompliance at hand.

Therefore, in view of the aforementioned, it is respectfully recommended Mr. Cerda's supervised release be revoked and he be sentenced to 11 months' custody, to be served consecutive to any custody sentence being served, with no additional term of supervised release to follow. Perhaps a significant term of incarceration will help Mr. Cerda attain sobriety and motivate him to seek the necessary treatment in order to successfully address his drug dependency issues and violent tendencies.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on:  September 6, 2018**

Respectfully submitted:
DAVID J. SULTZBAUGH
CHIEF PROBATION OFFICER

by _____
Ruben A. Sandoval
U.S. Probation Officer
(760) 339-4206

Reviewed and approved:

_____
Pascual Linarez
Supervising U.S. Probation Officer

PROB12CW                                                                                          September 6, 2018

## VIOLATION SENTENCING SUMMARY

1. **Defendant:**   Cerda, Mario

2. **Docket No.** (Year-Sequence-Defendant No.):   11CR00609-001-BTM

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Battery | C |
| Drug use | C |
| Failure to report for drug testing | C |
| | |
| | |
| | |
| | |
| | |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                    [   C   ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                          [   III   ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                      [   5 to 11 months ]

7. **Unsatisfied Conditions of Original Sentence:**  List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

| | | | |
|---|---|---|---|
| Restitution ($) | _____ | Community Confinement | _____ |
| Fine($) | _____ | Home Detention | _____ |
| Other | _____ | Intermittent Confinement | _____ |

PROB12(C)
Name of Offender: Mario Cerda
Docket No.: 11CR00609-001-BTM

September 6, 2018
Page 7

**THE COURT ORDERS:**

___✓___ AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

_____

_____

The Honorable Barry Ted Moskowitz
Chief U.S. District Judge

9/9/18
Date